Filed 12/10/13  P. v. Fetterman CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Amador)

----

| | |
|---|---|
| THE PEOPLE, | C072312 |
| Plaintiff and Respondent, | (Super. Ct. No. 12CR19158) |
| v. | |
| NICHOLAS PAUL FETTERMAN, | |
| Defendant and Appellant. | |

Defendant Nicholas Paul Fetterman pleaded guilty to furnishing marijuana to a minor older than 14 years of age (Health & Saf. Code, § 11361, subd. (b)) and possession of child pornography (Pen. Code, § 311.11, subd. (a)).  Pursuant to the plea agreement, he was given a four-year state prison term with execution suspended and placed on five years' formal probation.  One condition of probation forbade defendant from possessing

1

pornography or various types of media that might be used for the purpose of sexual arousal or stimulation.

Defendant was subsequently charged with violating his probation in that he failed to observe good conduct and failed to not possess pornography. The trial court found insufficient evidence to support the allegation in that the photos that were taken were not considered pornographic.

The People filed a first amended revocation petition, alleging defendant violated probation by failing to observe good conduct, possessing sexually stimulating photographs, and failing to notify his probation officer of a change in address. Following a contested hearing, the trial court found insufficient evidence regarding the change of address allegation, but sustained the allegation regarding the sexually stimulating photographs. The trial court terminated probation and imposed the suspended four-year state prison term.

On appeal, defendant contends the doctrine of collateral estoppel prevented the trial court from finding a probation violation based on evidence that did not sustain the allegations in the first contested hearing. We affirm.

## BACKGROUND

We dispense with the facts of defendant's crimes as they are unnecessary to resolve his appeal.

Among the probation conditions was condition No. 14, which states: "Do not possess any pornography or sexually stimulating or sexually oriented movies or access any prerecorded or live materials in any medium (including, but not limited to photographs, paintings, drawings, literature, documents, television, satellite, cable services, pay-per-view, telephone services, audiotapes, or digitally stored materials on the internet, computers, DVDs, videos, cd-roms, or other sources) that may be used for the purpose of sexual arousal or stimulation, nor shall you frequent any place where such material is available."

Defendant was subsequently charged with violating condition No. 14 by "fail[ing] to not possess pornography."

The following evidence was presented at the first probation revocation hearing: On July 25, 2012, Amador County probation officer Lisa Conti conducted a probation search of the tent where defendant was living. Inside the tent, Conti found photographs of women with their breasts exposed.

The trial court found that the People had not sustained the burden of proving defendant violated the probation condition that he not possess pornography because the items found in his possession were not pornographic, but this would not prevent the People from filing a new petition "because [of] clearly sexual stimulating and/or sexual oriented photographs."

The People subsequently filed a first amended petition alleging, among other things, that defendant violated his probation by possessing "sexually stimulating photographs." Defense counsel objected to the amended revocation petition "based on res judicata," arguing that since "the underlying facts were already litigated," the People were "collaterally estop[p]ed from relitigating the same." The trial court noted the objection and directed defendant to brief the issue.

At the second contested revocation hearing, Officer Conti again testified to finding the pictures of topless women during a probation search of defendant's tent. Testifying, defendant claimed the pictures came with a backpack his mother had brought to him and were from when he was a teenager. The trial court sustained the allegation regarding possession of sexually stimulating photographs.

## DISCUSSION

Defendant contends the doctrine of collateral estoppel prevented the People from relitigating the probation violation.

Adult probation revocation proceedings do not implicate double jeopardy concerns, even when the allegations are chargeable as crimes. (*Lucido v. Superior Court*

3

(1990) 51 Cal.3d 335, 343, fn. 5 (*Lucido*).) "Collateral estoppel is one of two aspects of the doctrine of res judicata. In its narrowest form, res judicata ' "precludes parties or their privies from relitigating a *cause of action* [finally resolved in a prior proceeding]." ' [Citation.] But res judicata also includes a broader principle, commonly termed collateral estoppel, under which an *issue* ' "necessarily decided in [prior] litigation [may be] conclusively determined *as [against] the parties [thereto] or their privies* . . . in a subsequent lawsuit on a *different* cause of action." ' [Citation.]" (*Vandenberg v. Superior Court* (1999) 21 Cal.4th 815, 828.) Collateral estoppel applies in criminal proceedings independent of double jeopardy principles. (*People v. Meredith* (1992) 11 Cal.App.4th 1548, 1555.)

"Collateral estoppel precludes relitigation of issues argued and decided in prior proceedings. [Fn. omitted; citation.] Traditionally, we have applied the doctrine only if several threshold requirements are fulfilled. First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding. [Citations.] The party asserting collateral estoppel bears the burden of establishing these requirements." (*Lucido*, *supra*, 51 Cal.3d at p. 341.)

One decision applied collateral estoppel to bar a second probation violation proceeding after the People failed to prove a probation violation in a prior proceeding. In *People v. Quarterman* (2012) 202 Cal.App.4th 1280 (*Quaterman*), the defendant pawned a camera while allegedly knowing it was stolen. (*Id*. at p. 1284.) The preliminary hearing and the probation violation hearing were held at the same time with a single police officer as the only witness. (*Id*. at pp. 1284-1285.) The trial court held the

4

defendant to answer on the criminal charges but found the probation violation allegation untrue. (*Id*. at p. 1285.)

Over the defendant's objections, the People filed a new probation violation petition before a different judge, making the same allegation as in the first petition. (*Quarterman*, *supra*, 202 Cal.App.4th at p. 1285.) The People presented testimony from the pawnshop manager and the camera's owner. (*Ibid*.) The petition was sustained this time. (*Ibid*.)

The Court of Appeal found the first probation violation barred the second probation revocation proceeding. It found the first and second revocation proceedings involved the same issues, " 'whether the defendant's conduct demonstrates that the leniency extended by the grant of probation remains justified.' [Citation.]" (*Quarterman*, *supra*, 202 Cal.App.4th at p. 1289.) The People had the opportunity to present their entire case at the first probation hearing, and the issue sought to be relitigated was necessarily decided at the first revocation hearing. (*Id*. at pp. 1289-1290.) The first decision was final, and the parties were the same at both hearings. (*Id*. at pp. 1290-1291.) Since the requirements for collateral estoppel were met, the Court of Appeal concluded that the doctrine precluded relitigating the issue decided in the first revocation hearing. (*Id*. at pp. 1291, 1298.)

Defendant argues that we should find similarly in this case, claiming there is no appreciable difference between the two cases.

The first and second revocation hearings in this case litigated different issues. The first hearing addressed whether defendant violated his probation by possessing pornography, while the second hearing addressed whether he violated probation by possessing sexually stimulating photographs. The fact that the same evidence was presented at both hearings is irrelevant to determining whether collateral estoppel applies. "[T]he collateral estoppel doctrine does not prohibit the admission of evidence that has

5

been introduced in a trial resulting in an acquittal from being admitted for all purposes at a subsequent proceeding." (*People v. Catlin* (2001) 26 Cal.4th 81, 124.)

Defendant's probation condition No. 14 prohibited more than one type of conduct. The prohibitions against possessing pornography and possessing sexually stimulating materials are distinct. While, for the purposes of the probation condition, all pornography may be sexually stimulating, not every photograph or other medium that is sexually stimulating is necessarily pornographic. The trial court recognized this distinction when it gave the People leave to file a second allegation regarding sexually stimulating materials after finding the photographs were not pornographic.

It is true, as defendant notes, that the *Quarterman* court framed the relevant issue in very general terms: " 'whether the defendant's conduct demonstrates that the leniency extended by the grant of probation remains justified.' [Citation.]" (*Quarterman*, *supra*, 202 Cal.App.4th at p. 1289.) We nonetheless disagree with defendant's assertion that the first and second revocation proceedings involved the same issue, whether defendant "should remain on probation[.]" The probation condition that the defendant allegedly violated in *Quarterman* was the condition that she obey all laws. (*Id*. at p. 1285.) The underlying facts of *Quarterman* therefore presented a single issue, whether the defendant violated her probation by knowingly possessing stolen goods. Since the defendant could violate her probation only if the court found she knowingly possessed stolen goods, the two revocation hearings necessarily involved the same issue.

This case does not present the situation addressed in *Quarterman*. Here, defendant's acts implicated two different ways of violating his probation. The trial court's finding that defendant did not violate one aspect of condition No. 14 did not prevent a subsequent hearing on whether defendant violated another aspect of that condition.

Since the two probation hearings involved distinct issues, collateral estoppel did not bar the second probation revocation proceeding.[1]

## DISPOSITION

The judgment is affirmed.

                                                  _____RAYE_____, P. J.

We concur:

_____HULL_____, J.

_____BUTZ_____, J.

---

[1] Since we address defendant's claim on the merits, we do not address his contention that counsel was ineffective in causing the claim to be forfeited on appeal.